UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs

KENDRICK DEMISE TAYLOR

Case Number. 8:12-cr-473-T-15TBM
USM Number: 58750-018

Sharon C. Samek, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Four of the Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. | Aiding and Abetting the Manufacture and Possession With Intent to Distribute Cocaine Base | September 11, 2012 | One |
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Felon in Possession of Firearm and Ammunition | September 11, 2012 | Four |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts One, Three and Four of the underlying Indictment and Count Three of the Superseding Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

February 24, 2014

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

February 24th, 2014

Kendrick Demise Taylor
8:12-cr-473-T-15TBM

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of EIGHT-FOUR (84) MONTHS. This term consists of EIGHTY-FOUR (84) MONTHS as to each of Counts One and Four of the Superseding Indictment, all such terms to run concurrently and with the sentence which defendant is presently serving from his conviction in case number 2011-CF-406, Circuit Court of Sarasota County, Florida on 1/10/11.

    The Court recommends to the Bureau of Prisons that the defendant be placed at FCI Coleman. The defendant shall participate in the 500 hour intensive drug treatment program while incarcerated.

    The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                  _____
                                                        UNITED STATES MARSHAL

                                   By: _____
                                                          Deputy U.S. Marshal

Kendrick Demise Taylor
8:12-cr-473-T-15TBM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of a THREE (3) YEAR term as to Counts One and Four of the Superseding Indictment, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Kendrick Demise Taylor
8:12-cr-473-T-15TBM

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

### FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Final Judgment of Forfeiture, that are subject to forfeiture.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 8:12-cr-473-T-15TBM

KENDRICK DEMISE TAYLOR

## FINAL JUDGMENT OF FORFEITURE

THIS CAUSE comes before the Court upon the United States' Motion for a Final Judgment of Forfeiture, pursuant to 21 U.S.C. § 853(n)(7), 28 U.S.C. § 2461(c), and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, for $420.00 in United States currency, seized from the defendant on September 11, 2012.

On November 5, 2013, the Court entered a Preliminary Order of Forfeiture against Taylor's interest in the currency identified above, pursuant to 21 U.S.C. § 853.  Doc. 98.

In accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the currency on the official government website, www.forfeiture.gov, from November 8, 2013 through December 7, 2013.  Doc. 101.  The publication gave notice to all third parties with a legal interest in the currency to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within 60 days of the first date of publication.  No third

party has filed a petition or claimed an interest in the currency, and the time for filing a petition has expired. Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), all right, title and interest in the currency identified above are CONDEMNED and FORFEITED to the United States for disposition according to law.

Clear title to the currency is now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 12th day of February, 2014.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Natalie Hirt Adams, AUSA
Counsel of Record

2